UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PAUL SPRAYREGEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., )<br>)<br>Defendant ) | Case No. 2:11-cv-00115-wks |

## AMENDED COMPLAINT

In this action, the plaintiff seeks, in addition to interest, costs, reasonable attorney's fees and consequential and exemplary damages, all relating to amounts fraudulently charged to him by Bank of America, N.A. incidental to wrongfully charged lender-placed wind insurance coverage.

### *Parties, Jurisdiction and Venue*

1.      At all times relevant hereto, the plaintiff had his primary residence in the Town of Charlotte in the County of Chittenden, State of Vermont. The plaintiff continues to have a residence in Charlotte, Vermont.

2.      Bank of America, N.A. ("BOA") is a foreign corporation registered to do business in the State of Vermont.

3.      Jurisdiction in this Court is based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 and on the presence of a question of federal law under 28 U.S.C. § 1331. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (b)(1) because the plaintiff is a citizen of this District and the defendant does business in this District..

### *General Allegations – The Saga of Force Placed Wind Insurance*

5.  The plaintiff is the owner of real property located at 157 Everglade Avenue in Palm Beach, Florida.

6.  BOA loaned money to the plaintiff, the repayment of which is secured by the real property located at 157 Everglade Avenue in Palm Beach, Florida.

7.  By letter dated September 16, 2010, BOA notified the plaintiff that it required proof that the property was covered by wind insurance.

8.  The September 16, 2010 letter requested "a copy of your current wind insurance policy be forwarded to the address or to the fax number listed below within the next 49 days."

9.  On October 28, 2010, within the timeframe requested in the September 16, 2010 letter, the plaintiff faxed to BOA a declaration and endorsement showing wind insurance coverage for the property located at 157 Everglade Avenue in Palm Beach, Florida, and naming BOA as first mortgagee.

10. BOA received the plaintiff's declaration and endorsement showing wind insurance coverage.

11. Notwithstanding that plaintiff provided to BOA proof of wind insurance coverage on October 28, 2010, BOA on November 16, 2010, wrongfully force placed wind insurance coverage. In a letter to the plaintiff, BOA wrote:

> Since we did not receive an adequate response from you, ... we have purchased Lender-Placed Wind Insurance coverage for your property.
>
> The total insurance charges in the amount of $59,638.33 have been charged to your escrow account. If you did not have an escrow account, we have established one for you and disbursed the insurance charges, and we have increased your monthly mortgage payments accordingly. Interest may be charged on the insurance charges at the same rate that you pay on your loan. Please note that our licensed insurance agency affiliates will receive a

commission for placing this insurance.

12. On November 28, 2010, BOA notified the plaintiff that it had canceled the lender-placed wind insurance coverage because of "duplicate coverage," but that "[i]nsurance charges and fees totaling $43,345.33 have been charged to your escrow account for the time period in which the coverage was in force."

13. Despite repeated demand, BOA persistently refused to credit the plaintiff $43,345.33 for the wrongfully force placed wind insurance coverage.

14. BOA force placed wind insurance coverage on the plaintiff's property, despite that the plaintiff provided proof to BOA of having purchased his own wind insurance coverage.

15. BOA wrongfully charged the plaintiff for the cost of the force placed wind insurance coverage, in addition to undisclosed fees, interest and commissions.

16. BOA represented to the plaintiff that if the plaintiff purchased his own wind insurance coverage, then BOA would not charge plaintiff for lender-placed wind insurance coverage.

17. The plaintiff relied on BOA's representation when purchasing his own wind insurance coverage.

18. The annual premium for the wind coverage insurance acquired by the plaintiff is $35,360.90.

19. Notwithstanding BOA's representations, it charged plaintiff for the cost of lender-placed wind insurance coverage.

20. Only after repeated demands from the plaintiff, BOA did credit the plaintiff for the amount wrongfully charged by BOA for the force place wind insurance.

### *General Allegations – BOA's Retaliation*

21. After conceding that it should not have charged the plaintiff the amount of the premium for the force placed wind insurance, BOA charged the plaintiff a late fee on account of the amounts conceded by it not to be due.

22. BOA then compounded its retaliation by reporting to the credit rating agencies delinquent the late fees that were not owed.

23. Because BOA had declared the plaintiff in default of his obligations under the terms of its loan to the plaintiff, the plaintiff arranged to refinance the BOA loan, but on terms more onerous because of the negative impact of the retaliatory reports to the credit rating agencies.

### *Causes of Action*

### Count I
### Breach of Contract

24. The wrongful force placed wind insurance coverage and the wrongful charges to the plaintiff constitute a breach of contract, for which the plaintiff is entitled to money damages.

### Count II
### Unjust Enrichment

25. By its retention of the plaintiff's money, BOA has been unjustly enriched at the expense and cost of the plaintiff.

26. BOA should be required to disgorge this unjust enrichment.

### Count III
### Promissory Estoppel

27. BOA represented to the plaintiff that it would not charge him for lender-placed wind insurance coverage if the plaintiff provided evidence that he had purchased such coverage on or before November 4, 2010.

28.     BOA should have expected that the plaintiff would rely upon its representation in purchasing wind insurance coverage. In reasonable reliance upon BOA's representation, the plaintiff did so.

29.     On account of the plaintiff's reasonable reliance on BOA's representation, the plaintiff has suffered damages.

### Count IV
### Malicious and Willful Intent to Injure

30.     BOA's persistence in charging late fees to the plaintiff on sums he did not owe was done with malice or willful intent to injure the plaintiff.

32.     Reporting to the credit rating agencies that the plaintiff's account with BOA was delinquent (when it was not)

was done with malice or willful intent to injure the plaintiff.

### Count V
### Breach of the Covenant of Good Faith and Fair Dealing

33.     Vermont law implies in every contract a covenant of good faith and fair dealing between the parties.

34.     During the course of its dealings with the plaintiff as described in this Complaint, BOA evaded the spirit of its agreement with the plaintiff, failed to act faithfully in keeping with the common purpose of its agreement with the plaintiff, and generally failed to comport to community standards of fairness and reasonableness.

35.     BOA's breach has caused damages to the plaintiff.

### Count VI
### Consumer Fraud

36.     BOA is a "seller" and the plaintiff is a "consumer" for purposes of Vermont's

Consumer Fraud Act, 9 V.S.A § 2451 *et seq.*

37. BOA represented to the plaintiff that if the plaintiff purchased his own wind insurance coverage, then BOA would not charge plaintiff for lender-placed wind insurance coverage. Despite receiving timely proof of plaintiff's purchase of such coverage, BOA purchased duplicate coverage through its affiliate and has charged the plaintiff therefor.

38. When BOA conceded that the plaintiff was not liable for payment of the premium charged for the force placed wind insurance, it should have reversed or cancelled all late fees and other charges relating thereto, but did not.

39. BOA's representations and actions constitute unfair or deceptive acts or practices under Vermont's Consumer Fraud Act.

40. In purchasing duplicate insurance coverage, charging the plaintiff therefor, refusing despite demand to credit the plaintiff for the overcharge, charging late fees on sums conceded not to be due and then reporting delinquencies to the credit rating agenices, BOA has acted maliciously and in wanton and willful disregard of the plaintiff's rights.

41. BOA's violations of the Vermont's Consumer Fraud Act have caused the plaintiff to suffer damages.

42. As a result of BOA's deceptive acts or practices, the plaintiff is entitled by statute to damages equal to the amounts paid by BOA for duplicate coverage, attorneys' fees, and exemplary damages in an amount equal to three times the amounts paid to BOA, plus such appropriate equitable relief as this Court deems appropriate.

### *Relief Requested*

The plaintiff requests judgment against BOA and the following relief:

(a)   compensatory damages;

(b)   interest, costs and reasonable attorney's fees;

(c)   exemplary damages ; and

(d)   such other relief in law and equity as may be just.

DATED at Burlington, Vermont, this ____ day of June, 2012.

                    LISMAN LECKERLING, P.C.
                    Attorneys for Plaintiff

By: _____
      Carl H. Lisman, Esq.

16718.018