```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


PAUL SPRAYREGEN,                  :
                                  :
            Plaintiff,            :
                                  :  Case No. 2:11-cv-00115
       v.                         :
                                  :
BANK OF AMERICA, N.A.,            :
                                  :
            Defendant.            :
```

### Memorandum Opinion & Order:
### Defendant's Motion for Partial Summary Judgment and Plaintiff's Motion for Leave to Amend Complaint

Plaintiff Paul Sprayregen filed suit against Defendant Bank of America, N.A. ("BOA"), seeking recovery for damages related to breach of a lending agreement.  There are two motions before the Court, BOA's Motion for Partial Summary Judgment, ECF No. 26, and Sprayregen's Motion for Leave to Amend Complaint, ECF No. 32.

For the reasons set forth below, the Court GRANTS BOA's Motion for Partial Summary Judgment.  Additionally, the Court GRANTS in part and DENIES in part Sprayregen's Motion to Amend, consistent with the Order below.

### INTRODUCTION

Defendant BOA is a financial institution with contacts in, among other places, Vermont and Florida.  Plaintiff Paul Sprayregen is a Vermont resident.  In 2005, BOA extended a

mortgage loan in the amount of $2,800,000 to Sprayregen, secured by a mortgage on Sprayregen's Palm Beach, Florida property (the "property").

In connection with the mortgage loan, parties executed a promissory note and a mortgage deed.  The promissory note contains no choice-of-law provision, but the mortgage deed does, stating that Florida law governs.

The mortgage deed further states that if Sprayregen fails to provide BOA with proof of wind insurance, BOA will impose lender-placed insurance on the property at Sprayregen's expense.  Accordingly, because BOA determined that Sprayregen did not secure wind insurance as required, BOA imposed lender-placed insurance on the property.  Sprayregen alleges, however, that BOA should not have imposed lender-placed insurance, since Sprayregen had obtained wind insurance and provided BOA with adequate proof of the policy.  Nevertheless, at the time Sprayregen filed suit against BOA, BOA maintained a $43,345.33 debit on Sprayregen's account for the cost of the lender-placed insurance.

Sprayregen filed this diversity suit against BOA on May 4, 2011, seeking recovery in the amount of $173,380.  Sprayregen's Complaint raises common law claims for Breach of Contract, Unjust Enrichment, Promissory Estoppel, and Breach of the

Covenant of Good Faith and Fair Dealing.  It also raises a Consumer Fraud claim under the Vermont Consumer Fraud Act.

Sprayregen's Complaint raised no claim of "false credit reporting" whatsoever.  Despite this fact, BOA filed a Motion for Partial Summary Judgment on March 30, 2012 directly addressing the issue of false credit reporting.  It argues that (1) Sprayregen's state law claims related to false credit reporting must fail, since federal law preempts them, and (2) Sprayregen's Consumer Fraud claim predicated on the Vermont Consumer Fraud Act must fail, since Florida law is controlling on all claims not preempted by federal law.  The parties had fully briefed BOA's Motion for Partial Summary Judgment by May 15, 2012, but nowhere did they directly address the peculiar fact that false credit reporting was never raised in the pleadings.

Then, on June 6, 2012, Sprayregen filed a Motion for Leave to Amend Complaint.  According to Sprayregen's proposed Amended Complaint, BOA has removed the $43,345.33 debit it once maintained on Sprayregen's account.  Nevertheless, Sprayregen's proposed Amended Complaint maintains all five counts originally alleged against BOA, only adding additional factual allegations as well as one additional claim for relief—False Credit Reporting with Malicious and Willful Intent to Injure.  According to Sprayregen's new allegations, BOA wrongfully

3

charged Sprayregen late fees related to the lender-placed insurance and wrongfully reported Sprayregen as delinquent to credit reporting agencies, harming Sprayregen when he refinanced the property on relatively more onerous terms.

BOA opposes Sprayregen's Motion to Amend, arguing that Sprayregen's amendments would cause undue delay and prejudice to BOA, highlighting that discovery has closed and that BOA already filed a Motion for Partial Summary Judgment.  BOA further argues that Sprayregen's amendments would be futile in light of BOA's Motion for Partial Summary Judgment.

That BOA presents issues in its Motion for Partial Summary Judgment that were not raised in the pleadings creates some confusion.  Specifically, it is not clear to what extent Sprayregen's proposed Amended Complaint is an attempt to reflect the issues litigated in BOA's Motion for Partial Summary Judgment or to what extent Sprayregen's proposed Amended Complaint is an attempt to put forth new issues not previously litigated.  The Court therefore adjudicates as separate issues BOA's Motion for Partial Summary Judgment and Sprayregen's Motion to Amend.  See Fed. R. Civ. P. 15(b)(2) (stating that parties may litigate issues not formally pled).

**DISCUSSION**

**I.   The Court Grants BOA's Motion for Partial Summary Judgment.**

  A. <u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986); <u>see</u> <u>also</u> Fed. R. Civ. P. 56.  In addressing motions for summary judgment, courts construe all inferences and reasonable doubts in favor of the non-movant.  <u>See</u> <u>id.</u>

  B. <u>The Court Grants BOA's Motion for Partial Summary Judgment, Since Federal Law Preempts State Law on the Issue of False Credit Reporting.</u>

Enacted in 1970, the federal Fair Credit Reporting Act ("FCRA") regulates the furnishing of information to credit reporting agencies.  <u>See</u> 15 U.S.C. §§ 1681-1681x.  In 1996, Congress amended FCRA, creating issues of statutory interpretation centering around a possible contradiction between section 1681h(e) (enacted in 1970) and section 1681t(b)(1)(F) (enacted in 1996).  <u>See</u> <u>generally</u> <u>Macpherson v. JP Morgan Chase Bank, N.A.</u>, 665 F.3d 45 (2d Cir. 2011) (per curiam) (interpreting FCRA after its 1996 amendment).  Section 1681h(e) states that consumers may not bring actions "in the nature of defamation, invasion of privacy, or negligence . . . *except as to false information furnished with malice or willful intent to*

5

*injure.*" See 15 U.S.C. § 1681h(e) (emphasis added).  Section 1681t(b)(1)(F) states that "*[n]o* requirement or prohibition may be imposed under the laws of any State" related to the furnishing of credit information.  15 U.S.C. § 1681t(b)(1)(F) (emphasis added).  The question is whether section 1681t(b)(1)(F) preempts all state law claims related to false credit furnishing or whether it leaves open section 1681h(e)'s 'malice or willfulness exception' in consumer actions.  See Macpherson, 665 F.3d at 47.

While some courts have gone the other way, see Wilson v. Carco Grp., Inc., 518 F.3d 40, 42 n.2 (D.C. Cir. 2008), the Second Circuit has expressly resolved FCRA's inconsistency by interpreting section 1681t(b)(1)(F) as creating a broad preemption, barring all state law claims, regardless of whether or not the state law claims are based on malice or willfulness, see Macpherson, 665 F.3d at 47-48.  In other words, section 1681h(e) is not an exception to 1681t(b)(1)(F) under Second Circuit law.  See id.  In Macpherson v. JP Morgan Chase Bank, N.A., the Second Circuit reasoned as follows:

> Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) simply preempts more of these claims.  Put differently, the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption.

See id. (internal quotations omitted).

The Second Circuit's reasoning is consistent with Congressional intent as well as statutory interpretation norms, as the Seventh Circuit persuasively argues:

> Section 1681h(e) does not create a right to recover for wilfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

See Purcell v. Bank of Am., 659 F.3d 622, 625 (7th Cir. 2011).

Thus, regardless of whether BOA acted willfully or with intent to injure, BOA is entitled to summary judgment in that FCRA preempts state law on issues of false credit reporting, precluding Sprayregen from asserting any such state law claim. Sprayregen's brief implicitly acknowledges that the Second Circuit's interpretation of FCRA is contrary to his position, stating that the "issue in Mac[p]herson was the same as it is in this action," that the Second Circuit's ruling in Macpherson has "obvious problems," and that this Court should look to "[o]ther circuits" with "more reasonable" interpretations of FCRA. As

7

this Court is bound by Second Circuit precedent, it grants partial summary judgment to BOA on any state law false credit reporting claim.

C. <u>The Court Grants BOA's Motion for Partial Summary Judgment, Since Florida Law Governs All Claims Not Preempted by Federal Law.</u>

Sprayregen predicates his Consumer Fraud claim on the Vermont Consumer Fraud Act.  <u>See</u> Vt. Stat. Ann. tit. 9, §§ 2451-2481w.  BOA's Motion for Partial Summary Judgment argues that Sprayregen's Consumer Fraud claim must fail, since Florida law governs all claims not preempted by federal law.

This Court applies Vermont's conflict-of-law jurisprudence to state law claims.  <u>See</u> <u>Klaxon Co. v. Stentor Electric Mfg. Co.</u>, 313 U.S. 487, 496 (1941).  When determining conflict-of-law questions related to contractual disputes, the Vermont Supreme Court looks to a variety of factors aimed at determining the intent of the parties as well as the contract's "center of gravity," including: (1) whether the parties agreed to a choice-of-law provision; (2) where the parties reside; (3) "the location of the subject matter of the contract"; and (4) which jurisdiction is "predominantly or most intimately concerned" with the matter at hand.  <u>See</u> <u>Stamp Tech, Inc. v. Lydall/Thermal Acoustical, Inc.</u>, 2009 VT 91, ¶¶ 19-24, 987 A.2d 292, 298-99; <u>Pioneer Credit Corp. v. Carden</u>, 245 A.2d 891, 894 (Vt. 1968);

General Acceptance Corp. v. Lyons, 215 A.2d 513, 515-16 (Vt. 1965).

In connection with the mortgage loan, the parties executed a promissory note and a mortgage deed.  The mortgage deed contains a choice-of-law provision, stating that Florida law governs.  While the promissory note contains no choice-of-law provision, the mortgage deed speaks substantially to the intent of the parties.  Moreover, "the location of the subject matter of the contract" is Florida.  Florida is also the jurisdiction "predominantly or most intimately concerned" with the mortgage loan, as the mortgaged property is located within its territory.  It is true that Sprayregen resides in Vermont, not Florida.  This factor, however, is not sufficient to impact the choice-of-law question.  The Court finds that based upon all considerations discussed above, Florida law is to be applied in this case and therefore grants BOA partial summary judgment on the Vermont Consumer Fraud Act claim.

## II. The Court Partially Denies and Partially Grants Sprayregen's Motion for Leave to Amend Complaint.

The Court has discretion to deny motions to amend where undue delay, bad faith, or undue prejudice to the opposing party is present.  See Tokio Marine & Fire Ins. Co. v. Emp'r Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986).  Similarly, leave to amend a complaint should be denied if the proposed amendments

9

would be futile.  See Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The Court denies in part and grants in part Sprayregen's Motion to Amend.  The Court denies the motion insofar as it moves to add an additional cause of action—False Credit Reporting with Malicious and Willful Intent to Injure.  Adding this state law claim to Sprayregen's Complaint is futile because federal law would preempt it, as the Court already discussed.

However, the Court grants Sprayregen's Motion to Amend in all other regards, since aside from proposing the additional cause of action, Sprayregen's proposed amendments are appropriate.  Sprayregen's proposed amendments reflect that BOA has removed its $43,345.33 debit from Sprayregen's account.  The proposed amendments further reflect that BOA charged Sprayregen late fees associated with the lender-placed insurance and that BOA declared Sprayregen delinquent on his mortgage.  These amendments include facts known by both parties and, as a result, do not prejudice BOA or require reopening discovery.

## CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS BOA's Motion for Partial Summary Judgment and the Court hereby partially DENIES and partially GRANTS Sprayregen's Motion for Leave to Amend Complaint.  Accordingly, the Court strikes Sprayregen's Consumer Fraud claim as well as Sprayregen's

proposed additional count, False Credit Reporting with Malicious and Willful Intent to Injure.  The Court also rules that Florida law governs all issues not preempted by federal law.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of July, 2012.

/s/William K. Sessions III
William K. Sessions III
U.S. District Court Judge
